**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

PAULA SCHAEFER,

        PLAINTIFF,

v.                               CASE NO.: 3:24-cv-00419-TKW-ZCB

AIRPORT BOULEVARD
DONUTS, LLC d/b/a
DUNKIN' DONUTS,

        DEFENDANT.

_____/

## **JOINT MOTION TO APPROVE SETTLEMENT**

COME NOW Plaintiff PAULA SCHAEFER ("Plaintiff") and Defendant AIRPORT BOULEVARD DONUTS, LLC d/b/a DUNKIN' DONUTS ("Defendant") (collectively the "Parties"), by and through their respective counsel, and respectfully move this Court to approve the settlement reached in the above-styled matter. This case includes claims arising under the Fair Labor Standards Act ("FLSA") and, as this Court follows *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982), the Parties respectfully request the Court's approval of the settlement.

## I.    **PROCEDURAL POSTURE**

Plaintiff filed this action alleging that she was misclassified as an exempt employee during her employment as a General Manager-in-training at Defendant's

Dunkin' Donuts location and was, therefore, denied overtime compensation for hours worked in excess of 40 per week. Defendant contested Plaintiff's claims, but following mediation and negotiation between counsel, the Parties have reached an agreement and now request Court approval of the resolution.

## II.    FACTUAL BACKGROUND

Plaintiff worked for Defendant in Pensacola, Florida from June 4, 2023 until July 18, 2023 as a General Manager-in-training. During this time, Plaintiff alleges she was regularly required to work more than 40 hours per week (often over 50 hours), but was classified as overtime-exempt and was not paid the required overtime wages. Plaintiff further alleged her job duties did not render her exempt under the FLSA. Defendant denies liability and maintains that Plaintiff was properly classified based on her position, and that she did not perform duties or work hours entitling her to overtime.

After arms-length negotiation, the Parties have agreed to resolve their *bona fide* dispute as a business decision to avoid the uncertainty and expenses of continued litigation. Defendant agrees to pay Plaintiff a total of $4,500.00 in full and final settlement of the FLSA overtime claim, from which required employment taxes will be deducted.

Plaintiff's counsel is not seeking attorney's fees from the settlement portion of Plaintiff's FLSA claim, having made a separate agreement as to fees and costs.

Payment shall be made within twenty (20) days of the Court's Order approving settlement. Plaintiff will then file a Joint Stipulation of Dismissal with Prejudice within five (5) business days after the payment is received.

### III.    <u>MEMORANDUM OF LAW</u>

"Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). The Eleventh Circuit explained in *Lynn's Food Stores* that claims for back-wages under the FLSA may be settled or compromised only when the Department of Labor supervises the payment of back-wages or when the court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353. More precisely, courts must determine whether a compromise of an FLSA claim for wages represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

In a comprehensive review of *Lynn's Food Stores* and the principles underlying the FLSA, the Middle District of Florida described this inquiry as involving both internal and external factors. *See Dees v. Hydradry, Inc.*, 706 F.Supp. 2d 1227, 1241–43 (M.D. Fla. 2010). The internal factors include consideration of the following principles: (1) the compromise must be fair and reasonable to the employee; (2) the compromise must resolve a bona fide dispute; (3) a confidentiality

provision may not contravene FLSA policy; (4) the compromise may not involve a prospective waiver of FLSA rights; and (5) the compromise must award reasonable attorneys' fees. *See id.* The external factors necessary to the fairness inquiry involve determining whether the compromise otherwise frustrates the implementation of the FLSA, requiring the court to consider matters such as whether other employees are similarly situated or whether either the employer or the industry has a history of noncompliance. *Id.* at 1243-44. Additionally, in deciding the reasonableness of a compromise, the stage of the proceedings and amount of discovery completed must be considered, as well as the complexity of the claim, probable success of the claim, the range of possible recovery and the opinions of counsel. *See id*. at 1241.

Plaintiff alleges that during her employment as a General Manager-in-training at Defendant's location in Pensacola, Florida from June 4, 2023 to July 18, 2023, she was misclassified as an exempt employee and, therefore, denied overtime pay for all hours worked over 40 per week, despite regularly working at least 50 hours weekly. Plaintiff claims that her duties during the training period did not qualify her for exempt status under the FLSA and that Defendant failed to pay the required overtime wages for excess hours, resulting in a *bona fide* dispute over the number of hours worked and proper classification for overtime entitlement.

Plaintiff sought unpaid overtime wages, liquidated damages, attorney's fees and costs. The Parties agree that there is a *bona fide* dispute as to how much

overtime, if any, is due. Defendant denies liability maintaining Plaintiff was properly classified as exempt, has been properly paid for all hours worked and is not due additional overtime. Nonetheless, to avoid further costs and the uncertainty of litigation, the Parties have agreed to a compromise. Defendant agrees to pay Plaintiff $4,500.00 for unpaid wages, which represents a compromised amount.  In exchange, Plaintiff agrees to dismiss the suit and release the FLSA claim.  Plaintiff's attorney is not seeking attorney's fees from the FLSA settlement portion of Plaintiff's claims.

This settlement is fair and reasonable. The Parties have compromised a *bona fide* dispute through an adversarial process, with the aid of experienced counsel. There is no confidentiality agreement that would contravene FLSA policy and no prospective waiver of FLSA claims.  The agreement is appropriately limited to the FLSA claim.

The settlement reflects a fair and reasonable compromise of disputed issues and, therefore, should be approved in keeping with the policy of encouraging the settlement of litigation.  *See Lynn's Foods*, 679 F.2d at 1354.

## IV.   **CONCLUSION**

WHEREFORE, the Parties respectfully request that (1) the settlement agreed to between the Parties with regard to the FLSA claim be approved, and (2) the Parties are ordered to file a Joint Stipulation of Dismissal With Prejudice within five (5) business days of payment.

Respectfully submitted this 8th day of September 2025,

/s/ Clayton M. Connors
Clayton M. Connors, Esq.
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**THE LAW OFFICES OF
CLAYTON M. CONNORS, PLLC**
4300 Bayou Blvd., Suite 37
Pensacola, Florida 32503
Tel:  (850) 473-0401
Fax: (850) 473-1388
S/E: mindy@westconlaw.com
*Attorney for Plaintiff*

/s/ Nicole F. Soto
Nicole F. Soto, Esq.
Florida Bar No. 29845
Email: nsoto@conroysimberg.com
**CONROY SIMBERG**
201 E. Kennedy Blvd., Suite 900
Tampa, Florida 33602
Tel: (813) 273-6464
Fax: (813) 273-6465
S/E: zpellerano@conroysimberg.com
*Attorney for Defendant*

## CERTIFICATION PURSUANT TO LOC. R. CIV. P. 7.1(F)

Pursuant to Local Rule of Civil Procedure 7.1(F), I hereby certify that the foregoing Joint Motion to Approve Settlement contains 1,039 words, inclusive of headings, footnotes and quotations, but exclusive of case style, signature block and Certificate of Service.

Consistent with Rule 7.1(F), I am relying upon Microsoft Word for Office 365 for the word count provided in this Certification.

BY:    /s/Clayton M. Connors
       Clayton M. Connors, Esq.
       Florida Bar No.: 095553
       Email: cmc@westconlaw.com
       **THE LAW OFFICES OF
       CLAYTON M. CONNORS, PLLC**
       *Attorney for Plaintiff*